**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ZACHARY KRIESEL,

    Petitioner,

v.                                                            No. 19-cv-0992 KG/SMV

MARK BOWEN and
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

    Respondents.

**ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION FOR EXTENSION OF TIME TO FILE A REPLY TO RESPONDENT'S ANSWER AND TO OBJECT TO THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on Petitioner's Motion for Extension of Time to File a Reply to Respondent's Answer and to Object to the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 14], filed on August 10, 2020.  Respondents filed their Response to the Motion on August 11, 2020, [Doc. 15], and no reply is needed to resolve this matter.  The Motion will be granted in part and denied in part.

Petitioner is a pro se prisoner confined in the Northeastern New Mexico Correctional Facility ("NENMCF").  [Doc. 14] at 3.  He filed his Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus on October 23, 2019.  [Doc. 1].  Respondents answered the Petition on May 20, 2020.  [Doc. 10].  On reference from the Honorable Kenneth J. Gonzales, United States District Judge, on July 20, 2020, I entered a Proposed Findings and Recommended Disposition ("PF&RD") that the Petition be denied with prejudice.  [Docs. 12, 13].  Petitioner had not requested leave to file a reply prior to entry of the PF&RD.

Petitioner's objections to the PF&RD were due on August 6, 2020. *See* [Doc. 13] at 23; Fed. R. Civ. P. 6(d); Fed. R. Cr. P. 45(c). He filed no objections before the objection deadline. On August 10, 2020, he filed the instant Motion, where he requests an extension to file, by November 4, 2020, (1) objections to the PF&RD, and (2) a reply to Respondent's Answer. [Doc. 14] at 1. Petitioner argues that he requires additional time to object and reply because the NENMCF "has reduce[d] prisoners' access to the Law Library" to "help prevent avoidable transmission of Covid-19." *Id.* at 4. He currently lacks "any access to the caselaw cited in" Respondent's Answer or the PF&RD. *Id.* at 3. Respondents do not object to the requested extension of the objection deadline and take no position on the requested extension to file a reply. [Doc. 15] at 1.

Petitioner has shown good cause for an extension of the objection deadline. However, he fails to show that I should permit him to file a reply. In a § 2254 case, a petitioner may reply to the respondent's answer only "within a time fixed by the judge." Rule 5(e), Rules Governing Section 2254 Cases in the United States District Courts. I did not fix a time by which Petitioner could file a reply. *See* [Docs. 4, 7, 9]. Petitioner failed to request leave to file a reply until August 10, 2020—82 days after Respondents answered the Petition and 22 days after I entered the PF&RD. Had Petitioner wished to file a reply, he should have requested leave to do so prior to entry of the PF&RD. I reject Petitioner's request for leave to file a reply as untimely.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Petitioner's Motion for Extension of Time to File a Reply to Respondent's Answer and to Object to the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 14] is **GRANTED IN PART** and **DENIED IN PART**. It is **GRANTED** to the extent that the Court will permit

Petitioner to file objections to the PF&RD no later than **November 4, 2020**. In all other respects, Petitioner's Motion is **DENIED**.

    **IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**