IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ZACHARY KRIESEL,

    Petitioner,

v.                                                                                No. 19-cv-0992 KG/SMV

MARK BOWEN and
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

    Respondents.

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND DENYING ALTERNATIVE MOTION TO APPOINT COUNSEL

THIS MATTER is before the Court on Petitioner's Motion to Compel Production of Documents, [Doc. 17], and Alternative Motion to Appoint Counsel, [Doc. 18], both filed on October 6, 2020. Respondents responded on October 26, 2020, [Doc. 21], indicating with attached exhibits that they delivered to Petitioner copies of the unpublished caselaw cited in the Answer and Response, [Docs. 10, 21]. Petitioner filed no reply, and the time for doing so has passed. The Court has considered the briefing, the relevant portions of the record, and the relevant law. Being otherwise fully advised in the premises, the Court will DENY both Motions.

### Motion to Compel Production of Documents: Facts and Analysis

Petitioner requests this Court compel Respondents "to produce to the Petitioner copies of all caselaw cited in Respondents' Answer," [Doc. 10], and cited in the Magistrate Judge's Proposed Findings and Recommended Disposition ("PF&RD"), [Doc. 13]. As grounds for his request, he states that (1) he is incarcerated; (2) he is indigent and cannot to hire an attorney; (3) he

has "bona fide grounds for relief and the caselaw is essential" to support his claims; (4) without the caselaw, he will not have "effective and equal access to the court"; (5) due process is violated because he does not have access to the caselaw that Respondents have; (6) Respondents are depriving him of due process by not providing caselaw access in the prison law library; (7) courts require caselaw to support arguments; (8) Respondents' arguments are supported by caselaw in the Answer; (9) there are a combined 83 citations to caselaw in Respondents' Answer and in the PF&RD; and (10) he needs caselaw to comply with the Rules that require standards of review in pleadings. [Doc. 17].

The United States Supreme Court has held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). However, *Bounds* did not create a right to a law library or legal assistance program, much less the right to compel the state or courts to provide copies of every case cited in a brief or opinion. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996). Rather, *Bounds* affirmed the right to access the courts through requiring that inmates have access to the tools needed "to attack their sentences, directly or collaterally, and . . . to challenge the conditions of their confinement." *Id.* at 351, 355. Thus, Petitioner has no general constitutional right to copies of every case cited in a brief or opinion. Neither *Bounds* nor any other caselaw establishes the right to compel the state or courts to provide such copies.

In this case, as explained in the PF&RD, the underlying petition is not meritorious. *See* [Doc. 13]. In his petition under 28 U.S.C. § 2254, Petitioner merely re-argued that his conviction should be overturned. First, he argued that insufficient evidence existed to convict him of child

2

abuse under NMSA 1978, § 30-6-1, [Doc. 1] at 32–34, yet he did not contest the circumstantial evidence presented at trial, which is sufficient to support a conviction under § 30-6-1, *State v. Montoya*, 2015-NMSC-010, ¶ 52, 345 P.3d 1056. Second, he argued that the trial court's jury instruction deprived him of due process because it included a reckless-disregard mens rea. [Doc. 1] at 23–32. However, any distinction between reckless and intentional is immaterial under § 30-6-1. *Montoya*, 2015-NMSC-010, ¶ 33. Third, Petitioner contended that the admission of certain medical evidence violated his right to due process, [Doc. 1] at 34–35, but this state-law evidentiary argument does not rise to the level of a federal constitutional violation, *see Willingham v. Mullin*, 296 F.3d 917, 928 (10th Cir. 2002). Finally, he argued that, together, these alleged errors constituted cumulative error. [Doc. 1] at 35. However, the doctrine of cumulative error applies only when there are two or more errors, *Cuesta-Rodriguez v. Carpenter*, 916 F.3d 885, 915 (10th Cir. 2019), and Petitioner showed no error.

Therefore, as explained more thoroughly in the PF&RD and briefly outlined above, Petitioner's claims are not meritorious. In this present Motion seeking caselaw, Petitioner does not allege that the cases will help him prevail on any claim in particular. *See* [Doc. 17]. For example, he does not request the seminal case on circumstantial evidence under § 30-6-1, or on mens rea under § 30-6-1, or on his medical evidence claim. Indeed, he asserts nothing more than that his claims are generally meritorious. *Id.* Without more specific allegations showing that his alleged lack of access hindered his ability to litigate a nonfrivolous legal claim, or specific allegations of why his allegedly meritorious claims are prejudiced, and because this Court disagrees about the merits of his claims, *see* [Doc. 13], the Motion requesting copies of the cases will be denied.

**Alternative Motion to Appoint Counsel: Facts and Analysis**

In the alternative, Petitioner requests appointment of counsel, presumably pursuant to 18 U.S.C. § 3006A. [Doc. 18]. Of course, § 3006A(a)(2)(B), leaves appointment of counsel in 28 U.S.C. § 2254 proceedings to the Court's discretion based on "the interests of justice."

There is no constitutional right to counsel in habeas proceedings. *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). Instead, whether to appoint counsel is a matter left to the discretion of the court. *Swazo v. Wyo. Dep't of Corr.*, 23 F.3d 332, 333 (10th Cir. 1994). In so deciding, courts should consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted). Ultimately, the burden is on the petitioner "to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (internal quotation marks omitted).

The Court is not convinced that appointment of counsel is warranted for these § 2254 proceedings. First, as stated in the PF&RD, [Doc. 13], Petitioner's claims are not meritorious. Petitioner failed to advance a colorable federal claim but simply attempted to relitigate the arguments raised before the New Mexico Court of Appeals. [Doc. 13] at 7–23. Second, the nature of the factual issues and the complexity of the legal issues raised in the § 2254 Petition are not so novel or complex as to warrant appointment of counsel. Finally, Petitioner does not argue—much less show—that he is not able to represent his claims himself. His limited access to caselaw does not change that. Accordingly, the Court will deny Petitioner's request for appointment of counsel.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Petitioner's Motion to Compel Production of Documents [Doc. 17] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Alternative Motion to Appoint Counsel [Doc. 18] is **DENIED**.

**IT IS SO ORDERED**.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**